**Tommy G. MACK, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 03–3259.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 8, 2003.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Tommy G. Mack petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752010449–I–2, 94 M.S.P.R. 483, 2003 WL 21458238, affirming his dismissal for the unauthorized accessing and modification of taxpayer records. We *affirm* the decision of the Board.

BACKGROUND

Mr. Mack was a Correspondence Examination Technician for the Internal Revenue Service at the time of his removal. He had approximately 28 years of service and a positive work record, with only one, unrelated, disciplinary action in 1995.

The record shows, and Mr. Mack does not dispute, that he repeatedly accessed the tax records of two individuals in 1999 and 2000, without authority. One of these persons was his nephew, with whom he lived in 1997 and whose 1998 tax return he prepared. The other was a friend of the family. It is also uncontested that Mr. Mack altered his nephew's tax records to release a freeze on a refund due the nephew, resulting in an unauthorized refund of $2,878.56. The agency confronted Mr. Mack with computer logs showing his unauthorized activities, and he admitted to accessing the accounts in question. However, he claimed that he did not realize that the accounts he had accessed were those of a relative and a family acquaintance. He acknowledged that he knew such actions were illegal. *See* 26 U.S.C. § 7213(a)(1) (Taxpayer Browsing Protection Act). Mr. Mack was removed from his position effective March 9, 2001.

He appealed to the Board, repeating the contentions that the acts of illegal access were mistakes. In light of the close relationship between Mr. Mack and his nephew, the clear taxpayer identification on the files he accessed, and the fact that he

altered his nephew's file to effect an illegal refund, the Board found this explanation to be not credible as to his nephew. The Board also considered testimony of the family friend whose account Mr. Mack accessed, the friend testifying that the two had spoken at a social event and the friend had asked Mr. Mack to look into a problem he was having with the IRS. To this testimony was added evidence that the friend's account was being processed by a different examination unit, and this information would have been displayed on the files he accessed and would have alerted Mr. Mack that he was in the wrong file. The Board thus found Mr. Mack's explanation of the unauthorized access of the friend's account to be not credible.

The Board then examined the penalty of dismissal in light of the factors set forth in *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280 (1981) and found the penalty appropriate in light of all the circumstances. This appeal followed.

## DISCUSSION

 In his Petition for Review, Mr. Mack repeats that he did not realize that the files he accessed were those of a friend and a relative. He adds, as justification for these acts, that he was performing research and/or work for other employees and that such cooperation is common practice at the agency. However, Mr. Mark cites no evidence before the Board supporting this justification, instead inviting this court to reevaluate the testimony. To overturn credibility determinations made by the Board, it is necessary to show that there was not substantial evidence in support of the Board's findings. *See, e.g., Henry v. Department of the Navy*, 902 F.2d 949, 951 (Fed.Cir.1990). Such a showing has not been made. The Board's findings that Mr. Mack's explanations were not credible are sustained.

Nor have we been shown reversible error in the penalty of removal in light of the *Douglas* factors. Congress has made the unauthorized access of taxpayer information a crime, punishable by imprisonment, fine, or agency disciplinary action, including dismissal. The seriousness of Mr. Mack's activity is beyond dispute, and is exacerbated by the illegal refund on behalf of Mr. Mack's nephew. The Board's decision is affirmed, for the agency action of dismissal was within its discretion.